**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ERNEST B. FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 07-1305 (CKK)** |
| | ) |
| **UNITED STATES DEPARTMENT** | ) |
| **OF JUSTICE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Department of Justice[1] by and through the United States Attorney for the District of

Columbia, respectfully moves this Court for summary judgment on the grounds that there are no

material facts in dispute and that the Department of Justice is entitled to judgment in its favor as

a matter of law. Fed. R. Civ. P. 56. In support of its motion for summary judgment the

defendant submits the declaration of Susan Bowman, Supervisory Operations Specialist,

Superior Court Division, U.S. Attorney's Office for the District of Columbia, and Dione

Stearns, Attorney Advisor, Executive Office of United States Attorneys (EOUSA) Freedom of

Information-Privacy Acts (FOIA/PA) Section, U.S. Department of Justice.

---

[1]Plaintiff has sued the United States Department of Justice, Office of Information and
Privacy, Marie A. O'Rourke, Assistant Director; Executive Office of U.S. Attorneys Freedom of
Information Act Section, Richard L. Huff, Co-Director. However, the only proper defendant
under the FOIA in this case is the U.S. Department of Justice; the EOUSA is the component of
the Department of Justice that maintains the files at issue. 5 U.S.C. §§ 552(a)(4)(B) and (f)(1).
Thus, the Department of Justice should be substituted as the sole defendant in this action.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ERNEST B. FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No. 07-1305 (CKK) |
| | ) |
| **UNITED STATES DEPARTMENT** | ) |
| **OF JUSTICE, <u>et al.</u>,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF THE
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

## I. <u>Introduction</u>

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to Plaintiff's September 2005 FOIA request to the U.S. Department of Justice. As discussed below, Defendant is entitled to summary judgment because no responsive records were found in connection with Plaintiff's FOIA request claim and Plaintiff failed to exhaust his administrative remedies with regard to his new FOIA request added by his amended complaint.

## II. <u>Factual and Procedural Background</u>

In September 2005, Plaintiff filed this FOIA request with the Executive Office of United States Attorneys (EOUSA) seeking records consisting of "three (3) specific documents . . . pertaining to May/June, July, and Sept. 1989 Plea and Sentencing Hearing dates before the Superior Court of the District of Columbia in Crim. Case No. F-6753-87, which the U.S. Attorney's Office prosecuted and entered into agreement with concerning ERNEST B. FORD."

3

R. 1. at pp. 1-2.  The records requested were for three transcript documents.  R. 13, Motion to

Amend Complaint, p. 1.  Plaintiff was very specific about the records he sought.  <u>See</u>

Attachment 1 (Declaration of Dione Stearns, Attorney Advisor, EOUSA) at Exhibit 2.

On December 11, 2006, Plaintiff wrote to EOUSA inquiring about the status of his

request which had not been answered.  R. 1 at p. 4.  Not receiving a response, Plaintiff filed the

instant civil action on July 23, 2007.  R. 1.

On August 22, 2007, Plaintiff filed a Motion to Amend his Complaint in this Court to

include records not previously requested, <i>i.e.</i>, "the entire <u>case</u> <u>file</u> in Crim. Case No. F-6753-87

(United States v. Ernest B. Ford) . . ."  The Court granted this amendment.  R. 16.  The

Defendant answered the complaint and denied that Plaintiff had exhausted his new claim.  R. 15.

In September 2007, Ms. Susan Bowman, Supervisory Operations Specialist for the U.S.

Attorney's Office's Superior Court Division (USAO), performed a search of the USAO

computerized record keeping system in connection with Plaintiff's exhausted FOIA claim.

Attachment 2 (Bowman Decl.).  Ms. Bowman searched the RCIS system that tracks cases or

matters for the Superior Court Division.  <u>See</u> Bowman Declaration at  ¶¶ 5 & 7.  There are some

70,000 open and closed files in the RCIS system.  <u>Id</u>. at ¶ 5.  Ms. Bowman used Plaintiff's name,

"Ernest B. Ford" and case number "F-6753-87" when performing the search.  <u>Id</u>. at ¶ 7.  As a

result of this search, Ms. Bowman requested the Closed Files Section of the USAO to order the

closed case file relating to this criminal case from the Federal Records Center.  <u>Id</u>.  Upon receipt

of the file box from records storage, Ms. Bowman searched for the specific items requested by

Plaintiff, <i>i.e</i>., the July 1989 Plea Hearing Transcript, the September 1989 Sentencing Hearing

Transcript and, 1989 Transcript of the last court appearance in the case (in which both counsel

and defendant were present) that chronologically preceded the July 1989 Plea Hearing.  Id. These items were not contained in the box of records retrieved.  Id. Ms. Bowman then emailed the entire staff of the U.S. Attorney's Office seeking the requested items.  Id. at ¶ 8.  No responsive records were found.

### III.  ARGUMENT

A.  Standard of Review.

Summary judgment may be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In Celotex Corp. v. Catrett , 477 U.S. 317, 327 (1986), the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved.  See Cooper Cameron Corp. v. Dep't. of Labor, 238 F.3d 539, 543 (5th Cir. 2002).

Summary judgment is available to a defendant in a FOIA case if the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.  Miller v. Department of State, 779 F.2d 1378, 1382 (8th Cir.1985), citing Weisberg v. Department of Justice, 705 F.2d 1344, 1350 (D.C. Cir.1983).  To discharge its FOIA obligations, the agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. CIA, 607 F.2d 339, 352  (D.C. Cir.1978), cert. denied, 445 U.S. 927 (1980), quoting

National Cable Television Ass'n. Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973).  The agency

may sustain its burden by submitting detailed affidavits that identify the documents at issue and

explain why they fall under the claimed exemptions.  See Summers v. Dept. of Justice, 140 F.3d

1077, 1080 (D.C. Cir. 1998); Miller v. United States Dep't of State, 779 F.2d at 1382.

Agencies establish that all of their obligations under the FOIA have been met through

declarations.  Thus, when the pleadings, supplemented by affidavits or declarations, show no

genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law,

summary judgment should be granted to the defendant.  Perry v. Block, 684 F.2d 121 (D.C. Cir.

1982).

The Declaration of Susan Bowman submitted in support of this motion describes the

search for records.  She used the RCIS system which tracks all cases and matters for the USAO,

she found closed records, and then searched those records for the documents Plaintiff requested

in his FOIA request.  As described in Section B, below, the Department satisfied its burden

under the law to conduct a reasonable search and, accordingly, summary judgment is warranted.

B.  The Department of Justice Conducted an Adequate Search.

In responding to a FOIA request an agency is under a duty to conduct a reasonable search

for responsive records.  Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990);

Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C.

1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983).   This

"reasonableness" standard focuses on the method of the search, not its results, so that a search is

not unreasonable simply because it fails to produce relevant material.  Wesiberg, 844 F.Supp. at

777 n.4.

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). "'[T]he search need only be reasonable; it does not have to be exhaustive.'" Miller v. Dept. of State, 779 F.2d at 1383 (*citing* National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)). An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993). Simply stated the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed,

non-conclusory and submitted in good faith." <u>Miller</u>, 779 F.2d at 1383; <u>Goland</u>, 607 F.2d at 352. Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" <u>Carney v. Dept. of Justice</u>, 19 F.3d 807, 812 (2d Cir. 1994), <u>cert. denied</u>, 513 U.S. 823 (1994) (quoting <u>SafeCard Servs. v. SEC</u>, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search.  Once the agency has met this burden through a showing of convincing evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency.  <u>Miller</u>, 779 F.2d at 1383.

In this case, as the Bowman Declaration evidences that a reasonable search was conducted.  Ms. Bowman explained the record keeping system in the USAO and the steps she took to insure that all avenues for locating the requested records were taken. As noted by her, the handling of Mr. Ford's request was entirely "consistent with EOUSA and the USAO procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA."  Bowman Decl. at ¶ 9.  As the search for responsive records was adequate, Defendant has discharged its burden under FOIA.  Accordingly, summary judgment in favor of the defendant is respectfully requested on Plaintiff's exhausted claim.

B.  <u>Plaintiff's Claim for the Entire Case, F-6753-87 has Not Been Exhausted.</u>

For the first time in his Motion to Amend Complaint [R. 13], Plaintiff seeks additional records.  He has not filed a FOIA request with the agency for these records.  <u>See</u> Stearns Decl. at Attachment 1, hereto.

It is well-established in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." <u>McKart v. United States</u>, 395 U.S. 185, 193 (1969).  Exhaustion of such administrative remedies

is required under the FOIA before a party can seek judicial review.  Dettmann v. United States

Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A FOIA requester is deemed to have

failed to exhaust administrative remedies whenever the requester does not comply with the

administrative process set forth under the FOIA, including: (1) failure to provide the required

proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir.

1993); (2) failure to reasonably describe the records being sought, Gillin v. IRS, 980 F.2d 819,

822-23 (1ˢᵗ Cir. 1992); (3) failure to comply with fee requirements, Trueblood v. United States

Dep't of Treasury, 943 F.Supp. 64, 68 (D.D.C. 1996); and (4) failure to administratively appeal a

denial of information, Oglesby v. United States Dep't of the Army, 920 F.2d 57 (D.C. Cir.

1990).  Where a FOIA plaintiff attempts to obtain judicial review without first properly

undertaking full administrative exhaustion, his lawsuit is subject to immediate dismissal for lack

of subject matter jurisdiction.  Id.

Here, Plaintiff's lawsuit should be dismissed because Plaintiff did not first file a FOIA

request for the records he now seeks.  He has not satisfied even one of the requirements to seek

judicial review of his new request.  Accordingly, Plaintiff's new claim for the "entire record"

should be dismissed.   However, should Plaintiff request to enlarge the scope of his initial

request and/or make a new request for the additional records, since responsive records have been

located, it should be relatively easy for the agency to respond.

## CONCLUSION

Accordingly, Defendant's motion for summary judgment should be granted.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ERNEST B. FORD,                     )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        Civil Action No. 07-1305 (CKK)
                                    )
UNITED STATES DEPARTMENT            )
OF JUSTICE, et al.,                 )
                                    )
            Defendants.             )
                                    )
_____)

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. In September 2005, Plaintiff transmitted a FOIA request Defendant seeking records consisting of "three (3) specific documents . . . pertaining to May/June, July, and Sept. 1989 Plea and Sentencing Hearing dates before the Superior Court of the District of Columbia in Crim. Case No. F-6753-87, which the U.S. Attorney's Office prosecuted and entered into agreement with concerning ERNEST B. FORD."  R. 1. at pp. 1-2.

2.  The records requested were for three transcript documents.  R. 13, Motion to Amend Complaint, p. 1.  Plaintiff was very specific about the records he sought.  See Attachment 1 (Declaration of Dione Stearns, Attorney Advisor, EOUSA) at Exhibit 2.

3.  On July 23, 2007, after not receiving a response to the aforesaid FOIA request, Plaintiff filed the instant law suit..  R. 1.

4.  On August 22, 2007, Plaintiff filed a Motion to Amend his Complaint in this Court to include records not previously requested, i.e., "the entire case file in Crim. Case No. F-6753-87 (United States v. Ernest B. Ford) . . ."  R. 13.

5.  In September 2007, Ms. Susan Bowman, Supervisory Operations Specialist for the U.S. Attorney's Office's Superior Court Division (USAO), performed a search of the USAO computerized record keeping system in connection with Plaintiff's September 2005 request. Attachment 2 (Bowman Decl.).

6.  Ms. Bowman searched the RCIS system that tracks cases or matters for the Superior Court Division. See Bowman Declaration at  ¶¶ 5 & 7.

7.  Ms. Bowman used Plaintiff's name, "Ernest B. Ford" and case number "F-6753-87" when performing the search.  Id. at ¶ 7.

8,  As a result of this search, Ms. Bowman requested the Closed Files Section of the USAO to order the closed case file relating to this criminal case from the Federal Records Center.  Id.

9.  Upon receipt of the file box from records storage, Ms. Bowman searched for the specific items requested by Plaintiff, i.e., the July 1989 Plea Hearing Transcript, the September 1989 Sentencing Hearing Transcript and, 1989 Transcript of the last court appearance in the case (in which both counsel and defendant were present) that chronologically preceded the July 1989 Plea Hearing).  Id.  These items were not contained in the box of records retrieved.  Id.

10.  Ms. Bowman then emailed the entire staff of the U.S. Attorney's Office seeking the requested items.  Id. at ¶ 8.

Respectfully submitted,

_____ /s/ _____

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing motion, statement of material facts,

supporting declarations and proposed order were served by First-Class mail; postage prepaid to:

ERNEST B. FORD
Fed. Register No. 08550-007
United States Penitentiary, Big Sandy
P.O. Box 2068
Inez, Kentucky 41224

on this 1st day of October, 2007.

_____/s/_____
CLAIRE WHITAKER
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E4204
Washington, D.C.  20530
(202) 514-7137

Attachment 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST B. FORD                          )
                                        )
                    Plaintiff,          )
                                        )
                                        )  Civil Action No. 07-1305
          V.                            )
                                        )
UNITED STATES DEPARTMENT OF             )
JUSTICE, ET AL                          )
                                        )
                    Defendants          )

DECLARATION OF DIONE J. STEARNS

I, Dione J. Stearns declare the following to be a true and correct statement of facts:

1)    I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5.U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and 93 United States Attorney's offices (USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§ 16.3 et.seq. and §16.40 et.seq.).

2)    As an attorney advisor of the FOIA/PA unit, EOUSA, I have authority to release and

*Attachment 1*

/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA

in actions brought under the FOIA/PA, and to advocate the position of the EOUSA in actions

brought under these Acts. The statements I make hereinafter are made on the basis of my review

of the official files and records of EOUSA, on my own personal knowledge, or on the basis of

information acquired by me through the performance of my official duties.

     3)    Due to the nature of my official duties, I am familiar with procedures followed by

this office in responding to the FOIA/PA request(s).

## OVERVIEW

     4)    This declaration explains the procedures that were followed in responding to

Plaintiff's August 24, 2006 request, referenced in count IX of the complaint dated April 18, 2007

and filed June 18, 2007.

     5)    By letter dated September 19, 2005 and received by EOUSA FOIA/PA on

September 29, 2005, Plaintiff made a request. The request sought specific records on Plaintiff in

the United States Attorney's Office for the Superior Court for the District of Columbia. *See*

**Exhibit 1.**

     6)    By letter dated October 14, 2006, EOUSA FOIA/PA acknowledged Plaintiff's

request and advised that his request was assigned Request Number, 05-2930.

     7)    By letter dated July 17, 2006, Plaintiff submitted a follow-up letter and reiterated his

request for specific records in his Superior Court case. Plaintiff *See* **Exhibit 2.**

     8)    By letter dated August 21, 2006, Plaintiff filed an appeal with the Office of

Information and Privacy (OIP). By letter dated October 11, 2006, OIP informed Plaintiff that

Department of Justice regulations provide for an administrative appeal only after there has been

an adverse determination. As no adverse determination had yet been made, OIP declined to

adjudicate the appeal. *See* **Exhibits 3 and 4.**

8) By letter dated September 11, 2007, EOUSA informed Plaintiff that a search for records in the USAO's for the Superior Court for the District of Columbia has revealed no responsive records pertaining to the Plaintiff. *See* **Exhibit 5.**

## ADEQUACY OF THE SEARCH

10) Upon receipt of Plaintiff's FOIA/Privacy Act request, the USAO for the Superior Court for the District of Columbia conducted searches under Plaintiff's name. The specific computer tracking systems utilized in searching for records pertaining to the Plaintiff were RCIS and CFITS.. No responsive records were located.

## CONCLUSION

13) Each step in the handling of Plaintiff's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the __12__ day of October 2007 at Washington, D.C.

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff

*Signed Certification of Identity attached.* (EF)

*Please disregard previous request which failed to include Certification of Identity. Thank you!*

Ernest B. Ford
Fed. Reg. No. 08550-007
USP Big Sandy
P.O. Box 2068
Inez, Kentucky   41224

September 19, 2005

U.S. Department of Justice
Freedom of Information and Privacy Staff
Executive Office for U.S. Attorneys
600  -E-  Street, N.W. (Room 7300)
Washington, D.C.   20530

Re: FOIA Request for Case File
(United States v. Ernest B. Ford, Crim. Case No. F-6753-87,
Superior Court of the District of Columbia)

Dear FOIA Section,

    Per relevant and applicable sections of the Freedom of Informa-
tion Act, I make request for copies of documents related to the above
stated case which the U.S. Attorneys Office for the District of
Columbia prosecuted in the D.C. Superior Court.

    While at some point I may be requesting the entire case file,
due to cost limitations I realize that may not be either feasible or
prudent at this time.   Therefore, I have narrowed my request to three
specific documents, as follows:

    1.)     July 1989 Plea Hearing Transcript.

    2.)     September 1989 Sentencing Hearing Transcript.

    3.)     1989 Transcript of the last court appearance in
            the case (in which both counsel and defendant
            were present) that chronologically preceeded the
            July 1989 Plea Hearing.

    I was the defendant in that case, the subject so, I don't
imagine any Privacy Act issues becoming a problem.   The last item
that I refer to may have been a status hearing or, perhaps, the last
day of trial that resulted in a hung jury, a mistrial.

GOVERNMENT EXHIBIT

U.S. Dept. of Justice
FOIA SEction (EOUSA)
WDC 20530  (Sept. 19, 2005)

Re: <u>Case File</u> Request for
<u>Specific Documents)</u>

Thank you for all of your assistance.

Respectfully,

Ernest B. Ford (#08550-007)
USP Big Sandy
P.O. Box 2068
Inez, Kentucky  41224

Signed
Certification of Identity attached.

*w*

RECEIVED

2006 AUG 14 AM 11: 10

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Ernest B. Ford
Fed. Reg. No. 08550-007
USP Big Sandy
P.O. Box 2068
Inez, Kentucky  41224

July 17, 2006

Office of the Asst. Director
EOUSA/FOIA/PA UNIT
Bicentenial Bldg. Rm. 7300
600  E  Street, N.W.
Washington, D.C.  20530

Re: <u>FOIA Request No. 05-2930</u>

Dear Asst. Director,

Referencing Mary A. O'Rourke's letters to me dated Oct. 14th and Nov. 7, 2005 respectfully, the FOIA Request I made referenced by the Request Number above was narrowed to three specific documents as follows:

1.  **July 1989, Plea Hearing Transcript** in Crim. Case No. F-6753-87, (Superior Court of the District of Columbia).

2.  **Sept. 1989, Sentencing Hearing Transcript**, in Crim. Case No. F-6753-87 (Superior Court of the District of Columbia).

3.  **May/June 1989 Transcript**, of the last court appearance in Crim. Case No. F-6753-87, (Superior Court for the District of Columbia) which chronologically preceeded the July 1989 Plea Hearing.

Therefore, though Ms. O'Rourke indicated that "Requests for 'all information about myself in criminal case files' are usually project requests", I do not believe my case is such.  My request was narrowed to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓cessed in expedited fashion.  It was not a typical "project request." Additionally, it has been more than nine months since I first made my request.  Therefore, I have every expectation that my request should have been accomodated and filled/provided to me by now.

By making my FOIA/PA request I have agreed to and **am willing** to pay all fees and costs associated with fulfilling my request. Pursuant to Sec. 552(a)(4)(B) of "the Act", I am also aware that failure of your office/agency to either fulfill my request or make a determination concerning the appropriateness of my request within



FOIA Request No. J5-2930
July 17, 2006

the statutory time limit will be taken as a denial (thereby exhaustion
of administrative remedy as required by law) and can result in a
civil action being filed in the United States District Court for the
District of Columbia.


    I appreciate your office's responsiveness in all the afore-
mentioned regards.




                                   Sincerely,


                                   Ernest B. Ford
                                   Fed. Req. No. 08550-007

*rec'd 9-7-06*

~06-2952

*PA
(P)
EOUSA
Still
Pending*

Ernest B. Ford
Fed. Reg. No. 08550-007
USP Big Sandy
P.O. Box 2068
Inez, Kentucky  41224

August 21, 2006

Richard L. Huff, Co-Director
Office of Information and Privacy
United States Department of Justice
Flag Building  (Suite 570)
Washington, D.C.  20530-0001

Re: FOIA Request No. 05-2930
(EOUSA/FOIA/PA UNIT)

Dear Mr. Huff,

        Despite the specificness of my requests in letters to the
Freedom of Information and Privacy Act Units  of both the U.S.
Attorneys Office for the District of Columbia and the Executive
Office of U.S. Attorneys (EOUSA), those offices have failed to
process my FOIA request.  (Please see attachments)

        This letter therefore serves as my appeal of the Executive
Office of U.S. Attorneys' refusal to process my FOIA request
originally submitted/filed September 19, 2005.

        If you have any questions concerning my FOIA request, please
do not hesitate to contact me.  If you would look into this matter
I could likely avoid costly litigation and judicial review.

                                Respectfully,

                                Ernest B. Ford

                                        OFFICE OF INFORMATION
                                            AND PRIVACY

                                          SEP 0 7 2006

                                        RECEIVED

GOVERNMENT
EXHIBIT
3

Ernest B. Ford
Fed. Reg. No. 08550-007
USP Big Sandy
P.O. Box 2068
Inez, Kentucky  41224

July 17, 2006

Office of the Asst. Director
EOUSA/FOIA/PA UNIT
Bicentenial Bldg. Rm. 7300
600  E  Street, N.W.
Washington, D.C.  20530

Re: FOIA Request No. 05-2930

Dear Asst. Director,

    Referencing Mary A. O'Rourke's letters to me dated Oct. 14th
and Nov. 7, 2005 respectfully, the FOIA Request I made referenced
by the Request Number above was narrowed to three specific docu-
ments as follows:

1.  **July 1989, Plea Hearing Transcript** in Crim. Case No. F-6753-87,
    (Superior Court of the District of Columbia).

2.  **Sept. 1989, Sentencing Hearing Transcript**, in Crim. Case No.
    F-6753-87 (Superior Court of the District of Columbia).

3.  **May/June 1989 Transcript**, of the last court appearance in Crim.
    Case No. F-6753-87, (Superior Court for the District of Columbia)
    which chronologically preceeded the July 1989 Plea Hearing.


Therefore, though Ms. O'Rourke indicated that "Requests for 'all
information about myself in criminal case files' are usually project
requests", I do not believe my case is such.  My request was
narrowed to specific items and therefore should have been processed
in expedited fashion.  It was not a typical "project request."
Additionally, it has been more than nine months since I first made
my request.  Therefore, I have every expectation that my request
should have been accomodated and filled/provided to me by now.

    By making my FOIA/PA request I have agreed to and **am willing**
to pay all fees and costs associated with fulfilling my request.
Pursuant to Sec. 552(a)(4)(B) of "the Act", I am also aware that
failure of your office/agency to either fulfill my request or make
a determination concerning the appropriateness of my request within

FOIA Request No. 05-2930
July 17, 2006

the statutory time limit will be taken as a denial (thereby exhaustion of administrative remedy as required by law) and can result in a civil action being filed in the United States District Court for the District of Columbia.

I appreciate your office's responsiveness in all the aforementioned regards.

Sincerely,

Ernest B. Ford
Fed. Reg. No. 08550-007



**U.S. Departmen. .f Justice**

Office of Information and Privacy

RECEIVED

2006 OCT 16  PM 2: 30

OCT 11 2006

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530* JUSTICE/EOUSA
DEPT. OF JUSTICE
PRIVACY STAFF

Mr. Ernest B. Ford
Register No. 08550-007
United States Penitentiary                Re:    Appeal No. 06-2952          *010/DOC*
Post Office Box 2068                             Request No. 05-2930
Inez, KY  41224                                  JTR:CIH

Dear Mr. Ford:

You attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your request for access to records pertaining to a July 1989 plea hearing transcript, September 1989 sentencing hearing transcript, and May/June 1989 transcript of your last court appearance.

Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9 (2006). As no adverse determination has yet been made, there is no action for this Office to consider on appeal. In particular, the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. See 5 U.S.C. § 552(a)(6)(C)(i).

I have forwarded your letter to EOUSA. You may also wish to contact it directly and inquire about the status of your request. You may appeal any future adverse determination made by EOUSA.

Sincerely,

Daniel J. Metcalfe
Director



GOVERNMENT EXHIBIT 7

EOUSA



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   [www.usdoj.gov/usao]*

---

Requester: **Earnest B. Ford**

Request Number: **05-2930**          Date of Receipt: **09-29-05**

Subject: **Self (specific public records/CR no. F-6753-87)/DDC**

Dear Requester:                                              SEP 1 1 2007

     In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.   [ ]   A search for records located in EOUSA - _____ has revealed no responsive records regarding the above subject.

2.   [ X ]   A search for records located in the United States Attorney's Office(s) for the **District of Columbia** has revealed no responsive records regarding the above subject.

3.   [ ]   After an extensive search, the records which you have requested cannot be located.

4.   [ ]   Your records have been destroyed pursuant to Department of Justice guidelines.

5.   [ ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you have or will receive a separate response:_____.

     This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

     Sincerely,

     William G. Stewart II
     Assistant Director

Form No. 005 - 3/07



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST B. FORD,                        )
        Plaintiff            )
                             )
v.                                     )    Civil Action No. 07-1305 (CKK)
                             )
DEPARTMENT OF JUSTICE,                 )
        Defendant.           )

### DECLARATION OF SUSAN BOWMAN

I, Susan Bowman, pursuant to Title 28, United States Code, Section 1746, declare and

state as follows:

1) I am the Supervisory Operations Specialist for the Superior Court Division, United

States Attorney's Office (hereinafter USAO) for the District of Columbia and my office is in

Washington, D.C. One of my responsibilities includes the coordinating of Freedom of

Information Act/Privacy Act (hereinafter FOIA/PA) requests for access to records located in the

United States Attorney Office (USAO). I identify, discuss and ship records directly to EOUSA,

but make no determinations regarding the release or withholding of the documents. I have been

the FOIA contact person for the USAO for the District of Columbia since January 2006. The

statements I make herein are either on the basis of my own personal knowledge or on the basis of

knowledge acquired by me through the performance of my official duties.

2) Due to the nature of my official duties, I have become familiar with the procedures

that were followed by this office in coordinating the FOIA request for Ernest B. Ford.

3) In September 2005, the FOIA/PA request for Ernest B. Ford  was sent to me via email

by the EOUSA (FOIA/PA Request No. 05-2930).

4) The Superior Court for the District of Columbia has a computerized docketing/case



management system known as the Court Information System (CIS). This computerized system of records (RCIS) was replicated by the USAO for the District of Columbia to track cases or matters for USAO's Superior Court Division. Whenever an office file on a new matter or new case is opened, the Division's Superior Court numbering Section will enter applicable information into the CIS computer system and assign the case or matter a case number which will be used as an internal tracking number for the Office. The information entered into the computer is based on a series of individual records which are linked together, or related, or in logical order. These records may include, but are not limited to, the names of the parties, the names of any related cases, what the case is about, what Assistant United States Attorney is handling the case, the Court assigned to the case, and what stage the case is in.

5) The RCIS system is the current computerized record tracking system that is available and used by the Superior Court Division for the District of Columbia. The RCIS system allows the user to search Superior Court Division matters by specific names. The RCIS system is capable of cross-referencing other related cases if such related case information is entered into the system. Due to the large number of files maintained by the Office (in excess of 70,000 files of which over 10,000 are active and 60,000 are closed files), any search for case related documents must be performed by the use of RCIS. A purely manual search for specific files/documents would be so burdensome as to be virtually impossible for the United States Attorney for the District of Columbia. Moreover, files are closed on a timely basis and such records are shipped periodically to the Federal Records Center in Suitland, Maryland where they are maintained for a specified number of years (typically 10 years).

6) To conduct my searches, RCIS and the Closed Files Information Tracking System, CFITS were used. The CFITS system is the current computerized record tracking system that is available and used by the Superior Court Division for the District of Columbia to locate closed

files. The CFITS system allows the user to search Superior Court Division matters by specific names. The CFITS system is capable of cross-referencing other related cases if such related case information is entered into the system.

7) On or about, September 2007, I performed a search on RCIS for Case No. F-6753-87 relating to Ernest B. Ford. I went into RCIS and searched by his name "Ernest B. Ford" and case number F-6753-87. As a result of this search, I requested the Closed Files Section in the USAO for the District of Columbia to order the closed case file from the Federal Records Center, in Suitland, Maryland. Upon receipt of the one box requested, I searched for the specific items (July 1989 Plea Hearing Transcript, September 1989 Sentencing Hearing Transcript and, 1989 Transcript of the last court appearance in the case (in which both counsel and defendant were present) that chronologically preceded the July 1989 Plea Hearing) as requested by Ernest B. Ford. These items were not contained in the box.

8) I emailed the entire staff of the U.S. Attorney's Office, District of Columbia seeking the requested items.

9) I believe my search was reasonably done and calculated to lead to any potentially responsive documents to Mr. Ford's FOIA/PA request. The handling of Mr. Ford's request was entirely consistent with EOUSA and the USAO procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of September, 2007.

Susan Bowman
Supervisory Operations Specialist

Attachment 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST B. FORD,                          )
      Plaintiff                     )
                                    )
v.                                       )         Civil Action No. 07-1305 (CKK)
                                    )
DEPARTMENT OF JUSTICE,                    )
      Defendant.                    )

DECLARATION OF SUSAN BOWMAN

      I, Susan Bowman, pursuant to Title 28, United States Code, Section 1746, declare and state as follows:

      1) I am the Supervisory Operations Specialist for the Superior Court Division, United States Attorney's Office (hereinafter USAO) for the District of Columbia and my office is in Washington, D.C. One of my responsibilities includes the coordinating of Freedom of Information Act/Privacy Act (hereinafter FOIA/PA) requests for access to records located in the United States Attorney Office (USAO). I identify, discuss and ship records directly to EOUSA, but make no determinations regarding the release or withholding of the documents. I have been the FOIA contact person for the USAO for the District of Columbia since January 2006. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

      2) Due to the nature of my official duties, I have become familiar with the procedures that were followed by this office in coordinating the FOIA request for Ernest B. Ford.

      3) In September 2005, the FOIA/PA request for Ernest B. Ford  was sent to me via email by the EOUSA (FOIA/PA Request No. 05-2930.

      4) The Superior Court for the District of Columbia has a computerized docketing/case

*Attachment 2*

management system known as the Court Information System (CIS). This computerized system

of records (RCIS) was replicated by the USAO for the District of Columbia to track cases or

matters for USAO's Superior Court Division. Whenever an office file on a new matter or new

case is opened, the Division's Superior Court numbering Section will enter applicable

information into the CIS computer system and assign the case or matter a case number which

will be used as an internal tracking number for the Office. The information entered into the

computer is based on a series of individual records which are linked together, or related, or in

logical order. These records may include, but are not limited to, the names of the parties, the

names of any related cases, what the case is about, what Assistant United States Attorney is

handling the case, the Court assigned to the case, and what stage the case is in.

5) The RCIS system is the current computerized record tracking system that is available

and used by the Superior Court Division for the District of Columbia. The RCIS system allows

the user to search Superior Court Division matters by specific names. The RCIS system is

capable of cross-referencing other related cases if such related case information is entered into

the system. Due to the large number of files maintained by the Office (in excess of 70,000 files

of which over 10,000 are active and 60,000 are closed files), any search for case related

documents must be performed by the use of RCIS. A purely manual search for specific

files/documents would be so burdensome as to be virtually impossible for the United States

Attorney for the District of Columbia. Moreover, files are closed on a timely basis and such

records are shipped periodically to the Federal Records Center in Suitland, Maryland where they

are maintained for a specified number of years (typically 10 years).

6) To conduct my searches, RCIS and the Closed Files Information Tracking System,

CFITS were used. The CFITS system is the current computerized record tracking system that is

available and used by the Superior Court Division for the District of Columbia to locate closed

files. The CFITS system allows the user to search Superior Court Division matters by specific names. The CFITS system is capable of cross-referencing other related cases if such related case information is entered into the system.

7) On or about, September 2007, I performed a search on RCIS for Case No. F-6753-87 relating to Ernest B. Ford. I went into RCIS and searched by his name "Ernest B. Ford" and case number F-6753-87. As a result of this search, I requested the Closed Files Section in the USAO for the District of Columbia to order the closed case file from the Federal Records Center, in Suitland, Maryland. Upon receipt of the one box requested, I searched for the specific items (July 1989 Plea Hearing Transcript, September 1989 Sentencing Hearing Transcript and, 1989 Transcript of the last court appearance in the case (in which both counsel and defendant were present) that chronologically preceded the July 1989 Plea Hearing) as requested by Ernest B. Ford. These items were not contained in the box.

8) I emailed the entire staff of the U.S. Attorney's Office, District of Columbia seeking the requested items.

9) I believe my search was reasonably done and calculated to lead to any potentially responsive documents to Mr. Ford's FOIA/PA request. The handling of Mr. Ford's request was entirely consistent with EOUSA and the USAO procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of September, 2007.

Susan Bowman
Supervisory Operations Specialist

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ERNEST B. FORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1305 (CKK)** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE, <u>et</u> <u>al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>ORDER</u>

Upon consideration of defendant's motion for summary judgment, the opposition and reply thereto, and after a review of the entire record in this case, it is this _____ day of _____, 2007

ORDERED, that said motion be granted.  Summary judgment is entered in defendant's favor for the reasons set forth in defendant's memorandum of points and authorities attached to his motion for dismissal or summary judgment.

_____
UNITED STATES DISTRICT JUDGE