Ernest B. Ford
Fed. Reg. No. 08550-007
U.S. Penitentiary, Big Sandy
P.O. Box 2068
Inez, Kentucky  41224



RECEIVED
DEC - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST B. FORD, pro se
    Plaintiff,  :

v.          :  Civil Action No 07-1305 (CKK)

U.S. Dept. of Justice, et al  :
    Defendants.
_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

This memorandum is prepared specifically to address defendants' claim that an adequate search was conducted for documents requested by Plaintiff, Ernest B. Ford, pro se pursuant to his FOIA request made. Plaintiff argues that the Defendant failed to conduct an adequate search for responsive records. The FOIA, however, does not require an agency to conduct an exhaustive search for all records responsive to a request, but rather a reasonable search for requested records using "methods reasonably expected to produce the information requested." *Oglesby v. United States Dept. of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits [or declarations] that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Perry v. Block*, 684 F.2d at 127, but must show only "that the search method was reasonably calculated to

uncover all relevant documents." *Weisberg v. United States Dept. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

<u>Defendants' Search for Responsive Materials is Inadequate</u>

Although defendants' point to the Declaration of Susan Bowman submitted in support of its Motion for Summary Judgment ("She used the RCIS system which tracks all cases and matter for the USAO", Defendants' Motion at p.6), and Ms. Bowman's statement at Item 8 of her Declaration that,"

> "I emailed the entire staff of the U.S. Attorney's Office, District of Columbia seeking the requested items.",

it is of little consolation to Plaintiff/Requester when what is implied is that anyone with access to the requested files has power to delete relevant information/documents despite said adequacy of the search and contrary to the stipulated rules for Closing a file laid forth in the sworn deposition of Bonnie L. Gay referencing the United States Attorneys Manual as pertains to closing criminal case files. (See Plaintiff's Opposition Motion at p.8). Therefore, Plaintiff finds defendants assertions to be evasive at best and untruthful at worse in light of the fact that

> "Upon receipt of the one box requested, I searched for the specific items    (July 1989 Plea Hearing Transcript, September 1989 Sentencing Hearing Transcript and, 1989 Transcript of the last court appearance in the case (in which both counsel and defendant were present) that chronologically preceded the July 1989 Plea Hearing) as requested by Ernest B. Ford. These items were not contained in the box."

Plaintiff contends that it was either impossible for Defendants to have overlooked these files *if they exist* (the requested documents forming the due process basis for Plaintiff's incarceration). Therefore, the Defendants should be denied summary judgment as to the "reasonableness" of its

search for responsive materials. See *Greenberg v. U.S. Department of Treasury*, 10 F.Supp.2d 3, 19 (D.C. Cir. 1998); citing *Oglesby v. Dept. of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v. Department of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)(If the agency can demonstrate that its search was reasonable, it is entitled to summary judgment unless the requester can rebut its evidence by showing that the search was not in good faith).

Further, defendants have not claimed any withholding authority, rebutting with "clear and convincing evidence" that the records are to remain outside the scope of the act, therefore, the requested documents (whether the result of emails to the USAO for the District of Columbia or a more intensive search) should be produced and made immediately available to Plaintiff.

Summary Judgment for Defendants should be denied.

Respectfully submitted,

*[signature] Ernest B. Ford (11/30/07)*
Ernest B. Ford
Fed. Reg. No. 08550-007
U.S. Penitentiary, Big Sandy
P.O. Box 2068
Inez, Kentucky 41224

## CERTIFICATE OF SERVICE

    I, Ernest B. Ford, pro se, do hereby certify under penalty of perjury and pursuant to 28 USCA § 1746, that a copy of the foregoing <u>Memorandum in Support of Plaintiff's Opposition to Defendants Motion for Summary Judgment</u> has been mailed First-Class, U.S. Postage pre-paid this __30th__ day of November 2007, to the Clerk of the Court, United States District Court for the District of Columbia located at 333 Constitution Ave., N.W. (Washington, D.C.) 20001.

                                      Respectfully submitted,

                                      /s/ E. B. Ford (11/30/07)
                                      Ernest B. Ford
                                      Fed. Reg. No. 08550-007
                                      U.S. Penitentiary, Big Sandy
                                      P.O. Box 2068
                                      Inez, Kentucky  41224