UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST B. FORD,           ) | |
|                                          **Plaintiff,**      ) | |
|       v.                                                  ) | Civil Action No. 07-1305 (CKK) |
| UNITED STATES DEPARTMENT     ) OF JUSTICE, et al.,                          ) | |
|                                          **Defendants.**   ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants reply to Plaintiff's "Motion Opposing Defendants' Motion for Summary Judgment" ["Plaintiff's Motion"] as follows:

Introductory Statement

Plaintiff commenced this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking: "three (3) specific documents . . . pertaining to May/June, July, and Sept. 1989 Plea and Sentencing Hearing dates before the Superior Court of the District of Columbia in Crim. Case No. F-6753-87, which the U.S. Attorney's Office prosecuted and entered into agreement with concerning ERNEST B. FORD." R. 1 at pp. 1-2. This is the only FOIA request Plaintiff has exhausted in this litigation and relates to a FOIA request initiated by letter dated September 19, 2005 [R. 1 at p. 2], and acknowledged by Defendants on October 14, 2005. Id.[1]

---

[1] Plaintiff is correct, defendant made an error in the date of acknowledgement in the Stearns Declaration [R. 17 at Attachment 1]. The correct date is October 14, 2005, not October 14, 2006.

On August 22, 2007, by Motion to Amend, Plaintiff added a FOIA claim for the "entire case file" relating to Crim. Case F-67533-87. R. 13. However, subsequent to his September 19, 2005, there is no evidence of such a request in Defendants' files. See Attachment 1, hereto.[2] On August 28, 2007, the Court granted Plaintiff's Motion to Amend, and directed Defendants to file a dispositive motion by October 1, 2007. R. 16.

On October 1, 2007, Defendants moved for summary judgment with respect to Plaintiff's September 19, 2005, FOIA request as reflected in his initial complaint in this Court. See R. 17 and R. 1. Defendant also moved to dismiss Plaintiff's new claim added to his amended complaint for the entire criminal file for failure to exhaust his administrative remedies. R. 17.

In his "Motion Opposing Defendants' Motion for Summary Judgment," filed on December 3, 2007, Plaintiff attaches two exhibits: a copy of EOUSA's acknowledgment letter pertaining to Request Number 05-2930 [relating to R. 1] and, a copy of the deposition of Bonnie Lewis Gay in Jefferson v. Reno et al., Civil No. 96-1284. Each of these filings, taken together, constitute Plaintiff's opposition to Defendants' motion to dismiss or for summary judgment.

With no supporting documentation on the issue whatsoever, Plaintiff asserts that he has exhausted his claim for the entire case file and challenges the adequacy of the EOUSA's search. Plaintiff's Motion at pp. 5-6. He also asserts that Defendant has attempted "fraud" by supplementing the record of Plaintiff's FOIA request after commencement of his civil complaint.

---

[2] The EOUSA has determined to process Plaintiff's unexhausted request for the entire criminal case file found in the amended complaint. See Supplemental Declaration of Dione Stearns, Attachment 1, hereto. That determination has no bearing on the grant of defendants' dispositive motion presently before the Court.

Id. at p. 4.  Based upon Defendant's dispositive motion and the accompanying exhibits filed on December 3, 2007, the entire record herein, and for the reasons set forth below, Defendants submit that Plaintiff's arguments are without legal merit and that Defendants are entitled to summary judgment as a matter of law.

## ARGUMENT

1.  There are no Genuine Issues of Material Fact

Plaintiff has filed no separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, as required by the rules of this Court.  See LCvR 7(h).  Therefore, this Court may deem Defendants' Statement of Undisputed Facts admitted for the purposes of Defendants' dispostive motion.  As noted at n. 1, however, Defendants concede that the wrong date for the acknowledgment letter [October 14, 2006, should have been October 14, 2005] was inadvertently recorded in the declaration of Dione Stearns at paragraph 6.  This inadvertent error concerning a date on a letter does not create a genuine issue of material fact.

2.  Defendants Conducted an Adequate Search for
    Records and there is No Showing of Bad Faith.

Plaintiff contends in his filing that Defendants are not entitled to summary judgment because responsive records were not found.  He asserts that: (1) it is wholly incredible that Plaintiff is imprisoned under a Life Sentence, presumably the result of a plea for which no record exists [Plaintiff's Motion at p. 3]; (2) Defendants lacked good faith for failing to comply with the 20-day requirement under FOIA, and (3) Defendants have deliberately misrepresented to the Court that the acknowledgment letter was dated October 14, 2006, rather than October 14, 2005.  Id.

With regard to Plaintiff's first argument, *i.e.,* that EOUSA did not make a good faith effort to conduct the search [Plaintiff's Motion at p. 6], the fact that no transcripts were found does not prove an inadequate search. As noted in Defendants' dispositive motion, the search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). "'[T]he search need only be reasonable; it does not have to be exhaustive.'" Miller v. Dept. of State, 779 F.2d at 1383 (*citing* National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)). An agency is required to search those records systems in which it believes responsive records are likely to be located. Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). The fact that a document once existed does not mean that it exists now or that the agency even had it. See Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993). The adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990). In this case, Plaintiff is seeking transcripts of 1989 plea and sentencing hearings from the Superior Court. These are court records which may or may not have been transcribed. If they existed at all as documents in Defendants' files, they do no exist there now. As the Bowman Declaration makes clear, she searched the U.S. Attorney's database for information concerning Plaintiff's request. See Attachment 2 (Bowman Declaration), attached to Defendants' Motion to Dismiss or for Summary Judgment. R. 17,¶¶ 4-7. This system is linked to the Superior Court Information System (CIS). Id. She also searched closed files of the U.S. Attorney's Office. Id. at ¶ 7. The case file was located in closed files, retrieved and searched. However, the documents Plaintiff sought, *i.e.*, the plea and sentencing transcripts, were not in the file. Id. at ¶ 7. Ms. Bowman also

sent an email to the entire U.S. Attorney's Office, District of Columbia, seeking the requested items. Id. at ¶ 8.

With the Bowman Declaration, as supplemented by the Stearns Declaration [R.17, Attachment 1], the Defendants submit that they have carried the burden of establishing that they have "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). The reasonableness of the search has been established ". . . through affidavits of responsible agency officials [that are] relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352. The "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200). Plaintiff has not rebutted the evidence provided in the declarations of Ms. Bowman and Ms. Stearns by a showing of bad faith on the part of the agency. At most, Plaintiff attempts to speculate that because of the use of the wrong date and the untimely response to his FOIA request, he has established bad faith. However, this is the type of pure speculation that has been rejected by courts. See Carney, 19 F.3d at 813; SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

In this case, as the sworn declarations establish, reasonable efforts were made to locate the transcripts Plaintiff seeks in Defendants' files.

3. Plaintiff's "FOIA" Request for the Entire File Should be Dismissed.

As noted above, Plaintiff has not submitted a FOIA request to the Defendants for the new records he seeks, *i.e.*, the entire file for Criminal Case No. F-6753-87. In his opposition, he has

not shown otherwise. Indeed, in his September 19, 2005, FOIA request for the transcripts, he states that "[w]hile at some point I may be requesting the entire case file, . . .[it] may not be either feasible or prudent at this time." R. 17, Attachment 1 (Stearns Declaration) at Exhibit 1. Moreover, Defendants have received no subsequent FOIA request for this file. See Supplemental Declaration of Dione Stearns, Attachment 1, hereto. Therefore, this claim is subject to dismissal for lack of subject matter jurisdiction. See McKart v. United States, 395 U.S. 185, 193 (1969); Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

        Respectfully submitted,

        _____/s/_____
        JEFFREY A. TAYLOR , D.C. Bar # 498610
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        _____/s/_____
        CLAIRE WHITAKER, D.C. Bar # 354530
        Assistant United States Attorney
        United States Attorneys Office
        555 4th Street, N.W., Room E-4204
        Washington, D.C. 20530
        (202) 514-7137

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class mail; postage prepaid to:

ERNEST B. FORD
Fed. Register No. 08550-007
United States Penitentiary, Big Sandy
P.O. Box 2068
Inez, Kentucky 41224

on this December 18, 2007.

                                            ____/s/_____
                                            CLAIRE WHITAKER
                                            Assistant U.S. Attorney
                                            Judiciary Center Building
                                            555 Fourth St., N.W., Rm. E4204
                                            Washington, D.C.  20530
                                            (202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST B. FORD     Plaintiff, | )<br>)<br>)<br>) |
| V. | ) Civil Action No. 07-1305<br>)<br>) |
| UNITED STATES DEPARTMENT OF<br>JUSTICE, ET AL     Defendants | )<br>)<br>)<br>) |

## SUPPLEMENTAL DECLARATION OF DIONE J. STEARNS

I, Dione J. Stearns declare the following to be a true and correct statement of facts:

1)   I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5.U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and 93 United States Attorney's offices (USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§ 16.3 et.seq. and §16.40 et.seq.).

2)   This supplements my declaration of October 1, 2007.

3) Due to the nature of my official duties, I am familiar with procedures followed by this Office in responding to the FOIA/PA request(s).

**4)** In Plaintiff's Motion to Amend the Complaint in docket entry Number 13, Plaintiff not only requested the three original transcripts referenced in Plaintiff's Sep. 19, 2005 FOIA/PA request but also, the entire case file in Criminal Case No. F-6753-87 (United States v. Ernest Ford). There was no such FOIA/PA request pending at the time.

5) Moreover, subsequent to September 19, 2005, this Office has no record of Plaintiff filing a FOIA request for his entire criminal case file as referenced above.

6) On December 13, 2007, EOUSA FOIA/PA Office made the determination to process Plaintiff's new request for the entire case file. In so doing, EOUSA acknowledged Plaintiff's request and assigned Request Number 07-4195 to Plaintiff's new request. *See* **Exhibit 1.**

7) EOUSA has requested that the District perform a new search for records in response to Request Number 07-4195. The records found as a result of this search will be processed in accordance with the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 18th day of December 2007 at Washington, D.C.

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester: Ernest B. Ford          Request No.: 07-4195          DEC 13 2007

Subject: Self (all records)/DDC

  The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request</u>. If we need additional information, we will contact you within two weeks.

  Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

  EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions; for example, Project Requests usually take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

  By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

  If you wish to revise your request to try to reduce fees, you may use the attached form. <u>If you do not wish to incur fees for your request as it is now stated, please submit this form (or your letter revising your request) to us immediately so that your request, and fees, can be limited</u>.

              Sincerely,

              William G. Stewart II
              Assistant Director

Form No. 001 - 3/07

GOVERNMENT EXHIBIT